# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1598V

|  |  |
|---|---|
| BRENDA SLAY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2024 |

*David Charles Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, *for Petitioner.*

*Sarah Black Rifkin,*, U.S. Department of Justice, Washington, DC, *for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 16, 2018, Brenda Slay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of an influenza vaccine administered to her on October 17, 2016. Petition, ECF No. 1. On August 23, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 85.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $91,152.07 (representing $88,510.40 in fees plus $2,641.67 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 21, 2024, ECF No. 90. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 90 at 68-69.

Respondent reacted to the motion on February 22, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 91. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted herein. For time billed in the 2024 period, Petitioner has also requested the hourly rate of $390 for attorney David Richards, representing a rate increase of $15 from the previous year; and the rate of $344 for attorney Jeffrey Enquist, representing a rate increase of $20 from the previous year. Motion at 47-52. I find these rates to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred. Respondent offered no specific objection to the rates or amounts sought.

I have also reviewed the requested costs, but find that Petitioner's counsel has not substantiated all of the costs with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 90 at 53-59. I will nevertheless reimburse these costs in full since the unsubstantiated amounts requested are overall minimal. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed or denied award for failure to include all of the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[3]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $91,152.07 (representing $88,510.40 in fees plus $2,641.67 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David Charles Richards.**

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.